UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KARLITA KAYE LANE,

                Plaintiff,

   v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

Case No. 3:14-cv-5653-KLS

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of the defendant Commissioner's denial of her application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, the Commissioner's decision to deny benefits is AFFIRMED.

FACTUAL AND PROCEDURAL HISTORY

On October 1, 2010, Plaintiff protectively filed a DIB application, alleging disability as of September 7, 2009, due to partial thumb amputation, depression, memory loss, blurred vision, and dizziness. See Administrative Record ("AR") 204-05, 214, 218. Her application was denied upon initial administrative review and on reconsideration. See AR 136-38, 145-49. A hearing was held before an administrative law judge ("ALJ") on May 30, 2012, at which Plaintiff, represented by counsel, appeared and testified, as did a vocational expert. See AR 55-103.

ORDER - 1

On August 27, 2012, the ALJ issued a decision finding Plaintiff not disabled. See AR 11-23.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on July 21, 2014, making the ALJ's decision the Commissioner's final decision. See AR 1-7; see also 20 C.F.R. §§ 404.981, 416.1481.

On August 19, 2014, Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See ECF ## 1, 3.  The administrative record was filed with the Court on November 4, 2014.  See ECF ## 12, 13.  The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to the Commissioner for a finding of disability, or further proceedings in the alternative, because the ALJ erred: (1) in failing to include depression as a severe impairment at step two, (2) in evaluating the medical opinions of an examining psychologist and a treating physician, and (3) in discounting Plaintiff's credibility.[1]  For the reasons set forth below, the Court disagrees that the ALJ erred in finding Plaintiff to be not disabled, and therefore affirms the Commissioner's decision.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld by the Court if the "proper legal standards" have been applied and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Comm'r of Social Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by

---

[1] Plaintiff also assigns error to the ALJ's residual functional capacity assessment and hypothetical posed to the vocational expert, but merely reiterates arguments already encompassed in the other assignments of error.  ECF # 16 at 9-10.  Thus, the Court will not address this assignment of error separately.

ORDER - 2

substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." (citing Brawner v. Sec'y of Health & Human Servs., 839 F.2d 432, 433 (9th Cir. 1987))).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("'Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.'" (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971))). [2]

I.   The ALJ's Step-Two Determination

Plaintiff argues that the ALJ erred in failing to find her depression to be a severe impairment at step two. Plaintiff does not identify any functional limitations that were caused by her depression that were therefore omitted from consideration at later steps in the disability

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 3

evaluation.

The Commissioner argues that the ALJ's failure to list depression at step two was a harmless oversight, given that the ALJ considered whether Plaintiff met the listing that corresponds to depression and considered Plaintiff's subjective complaints of depression and medical opinions regarding the effect of Plaintiff's depression when assessing her residual functional capacity.  ECF # 17 at 11 (citing AR 16-17).

Plaintiff argues on Reply that the ALJ is nonetheless required to specifically consider each severe impairment at "all levels of the disability evaluation sequence[,]" citing Hill v. Astrue, 698 F.3d 1153, 1161.  Hill does not address whether an error at step two can be harmless, however, and other Ninth Circuit authority makes clear that a step-two error is harmless where the ALJ considers all limitations in assessing the claimant's RFC.  See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) (finding that a failure to list impairment as severe at step two was harmless where the ALJ considered the limitations caused by the omitted impairment at step four).

Because Plaintiff has failed to identify functional limitations caused by her depression that the ALJ overlooked, and because the ALJ's decision demonstrates that the ALJ considered depression-related symptoms throughout the sequential evaluation process, the step-two error is harmless.

II.     The ALJ's Evaluation of the Medical Evidence in the Record

Plaintiff argues that the ALJ erred in discounting opinions provided by examining psychologist Laura Dahmer-White, Ph.D., and treating physician Gregory Carter, M.D.  The Court will address each disputed opinion in turn.

ORDER - 4

A.  *Legal Standards for Review of Medical Opinion Evidence*

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984)

ORDER - 5

1  (citation omitted) (emphasis in original).  The ALJ must only explain why "significant probative

2  evidence has been rejected."  Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981);

3  Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

        B.     *Dr. Dahmer-White's Opinion*

        Dr. Dahmer-White performed a psychological examination in April 2011 at the recommendation of Plaintiff's primary care physician, "to assist with diagnostic formulation and provide indicated treatment recommendations."  AR 568-75.  Dr. Dahmer-White's testing revealed that Plaintiff exaggerated her psychological symptoms, "possibly as a cry for help."  AR 572-73.  Dr. Dahmer-White opined that Plaintiff was not "capable of working at this time given her psychiatric conditions and chronic pain."  AR 575.

        The ALJ discounted Dr. Dahmer-White's opinion as inconsistent with her own findings that Plaintiff was exaggerating her symptoms.  AR 21.  The ALJ also discounted the opinion to the extent that Dr. Dahmer-White's opinion was based on Plaintiff's physical condition, because Dr. Dahmer-White is not a medical doctor and because a medical doctor had questioned the validity of Plaintiff's reported physical symptoms.  Id.

        Plaintiff argues that the ALJ erred in discounting Dr. Dahmer-White's opinion based on the test results showing that Plaintiff exaggerated her symptoms, because the exaggeration was not based on an intent to deceive, but as a cry for help.  ECF # 16 at 5.  The rationale for exaggeration does not alleviate the validity concern, however, because even if Plaintiff did not intend to deceive, Dr. Dahmer-White's testing suggests that her complaints do not accurately reflect her actual symptoms.  The ALJ properly noted the inconsistency within Dr. Dahmer-White's opinion, because Dr. Dahmer-White noted that Plaintiff's symptoms were exaggerated, rendering her "clinical profile [] of questionable validity[,]" but then relied on these exaggerated

ORDER - 6

reports to find Plaintiff's symptoms to be disabling.  A claimant's symptom exaggeration is a legitimate reason to discount a medical opinion rendered in reliance on that exaggerated data.  See Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002).

Furthermore, the ALJ also discounted Dr. Dahmer-White's opinion as to Plaintiff's ability to work because it was based to some extent on physical limitations that Dr. Dahmer-White did not test.  See AR 575.  This rationale is legitimate because, as the ALJ noted, a physician had questioned the validity of Plaintiff's physical complaints.  See AR 473.  Because the ALJ provided specific, legitimate reasons to discount Dr. Dahmer-White's opinion, the ALJ's assessment is affirmed.

C. *Dr. Carter's Opinion*

Plaintiff's primary care physician referred her to Dr. Carter in April 2011 for pain management, and Dr. Carter opined in November 2011 that Plaintiff was unable to work due to pain and "significant loss of function in her dominant right hand[.]"  AR 612.  Dr. Carter also indicated that Plaintiff was unable to drive due to the effects of her pain medication.  Id.

The ALJ discounted Dr. Carter's opinion that Plaintiff could not work to the extent that it was based on his opinion regarding her ability to drive, because Plaintiff's ability to commute is unrelated to whether she is disabled.  AR 20.  The ALJ also indicated that Dr. Carter's opinion that Plaintiff's conditions precluded her ability to do any work was discounted as involving an issue reserved to the Commissioner.  Id.  The ALJ also noted that Dr. Carter's opinion had "poor foundation" in the medical record.  Id.

Plaintiff challenges the ALJ's rationale related to the foundation for Dr. Carter's opinion, arguing that Dr. Carter's opinion is supported by his clinical observations.  Dr. Carter's treatment notes do contain some clinical observations, including the ones mentioned by Plaintiff involving

ORDER - 7

the appearance and weakness of her right arm, but his opinion as to why Plaintiff cannot work is not supported by those observations.  Dr. Carter notes that a physical therapist opined that Plaintiff could perform sedentary work, but that he disagreed, finding that she could not perform such work on a consistent basis because of the amount of pain that she must manage.  AR 587.  Dr. Carter cites no clinical observation or objective testing to support that opinion, and instead appears to credit Plaintiff's subjective reports of pain.  Id.  Dr. Carter's opinion is contradicted not only by Plaintiff's physical therapist, but also by the opinion of the consultative medical examiner (AR 473) and the physical capacities evaluator (AR 332).  The ALJ therefore did not err in discounting Dr. Carter's opinion as not well-supported and inconsistent with the medical record.  See Thomas, 278 F.3d at 957; Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008).

III.     The ALJ's Assessment of Plaintiff's Credibility

The ALJ found that although Plaintiff alleged a right-hand impairment that caused fingering limitations, her allegation was not credible because she was able to write legibly with her right hand and because a physician concluded that she did not give full effort on an examination of her hand.  AR 18-19.  Plaintiff argues that the ALJ's credibility determination is erroneous because it does not address the credibility of every allegation made by Plaintiff, specifically her statements regarding the experience of pain and cold in her right hand, which was corroborated by Dr. Carter.  ECF # 16 at 9.

As an initial matter, Plaintiff has cited no authority holding that an ALJ must assess the credibility of every statement made by Plaintiff, and the Court is not aware of any such authority.  Instead, ALJs assess a claimant's credibility as an overall quality.  See, e.g., Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) ("An ALJ's finding that a claimant generally lacked

ORDER - 8

credibility is a permissible basis to reject excess pain testimony."). The "ordinary techniques of credibility evaluation" include factors such as the claimant's reputation for lying and the claimant's prior inconsistent statements, which suggest that credibility is to be assessed as an overall quality of a claimant, rather than as to the claimant's individual statements. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).

Furthermore, the ALJ's reasoning explains why he discounted Plaintiff's reports of functional loss in her right hand: objective physical capacities testing demonstrated that Plaintiff was less limited than alleged, and one doctor questioned whether she gave full effort on testing because her reported weakness did not match the anatomical location of her thumb injury. AR 19 (citing AR 473). This analysis allows the Court to conclude that the ALJ "did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995).

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded Plaintiff was not disabled. Accordingly, the Commissioner's decision to deny benefits is AFFIRMED.

DATED this 1st day of April, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 9